

## MUSKOGEE COUNTY DISTRICT COURT
## STATE OF OKLAHOMA

LORENA SANCHEZ,　　　　　　　　　 )
as SPECIAL ADMINISTRATOR to　　　 )
BO MICHAEL GUTHRIE, deceased,　　 )
　　　　　　　　　　　　　　　　　　 )
　　　　　　　　　　　　　　　　　　 )　　Case No. CJ-21-106
　　　　　　　　　 Plaintiff,　　　　 )
　　　　　　　　　　　　　　　　　　 )
v.　　　　　　　　　　　　　　　　　 )　　JURY TRIAL DEMANDED
　　　　　　　　　　　　　　　　　　 )　　ATTORNEY LIEN CLAIMED
(1)　　TURN KEY HEALTH CLINICS, LLC, )
(2)　　BOARD OF COUNTY　　　　　　 )
COMMISSIONERS OF MUSKOGEE　　 )
COUNTY,　　　　　　　　　　　　　 )
(3)　　ANDY SIMMONS, in his official capacity )
as Muskogee County Sheriff,　　　　 )
(4)　　MUSKOGEE COUNTY SHERIFF'S )
DEPARTMENT,　　　　　　　　　　　 )
　　　　　　　　　　　　　　　　　　 )
　　　　　　　　　 Defendants.　　　 )

### PETITION

Plaintiff Lorena Sanchez, as Special Administrator to Bo Michael Guthrie ("Guthrie or "Decedent"), and as Administrator of the Estate of Bo Michael Guthrie ("Decedent's Estate," collectively "Plaintiffs"), for their action against Turn Key Health Clinics, LLC, the Board of County Commissioners of Muskogee County, Oklahoma ("BOCC"), Andy Simmons, in his official capacity as Muskogee County Sheriff and the Muskogee County Sheriff's Department ("Muskogee County Sheriff"), the collectively "Defendants"), hereby allege as follows:

### PARTIES, JURISDICTION & VENUE

1.　　This action arises under the Oklahoma Governmental Tort Claims Act, 51 O.S. § 151 *et seq.*; 42 U.S.C. § 1983; U.S. Const., Amend. IV & XIV; Okla. Const, Art. 2 § 30; OKLA. STAT. tit. 12 § 1053, and the common law of the State of Oklahoma.

1

EXHIBIT 2

2.    Plaintiff Lorena Sanchez is the sister of Bo Michael Guthrie, now deceased, and a resident of the Town of Wichita, Sedgwick County, State of Kansas.

3.    On June 25, 2020, in Sedgwick County District Court of Kansas Case No. 2020-PR-000815-DE, sister, Lorena Sanchez was appointed Special Administrators of Decedent's Estate.

4.    Defendant Turn Key Health Clinics, LLC ("TURN KEY") is an Oklahoma limited liability company doing business in Muskogee County, Oklahoma. TURN KEY is a private correctional health care company that contracts with counties, including Muskogee County, to provide medical professional staffing, supervision and care in county jails. TURN KEY was at all times relevant hereto responsible, in part, for providing medical services, supervision, and medication to Mr. Guthrie while he was in the custody of the Muskogee County Sheriff's Office ("MCSO") TURN KEY was additionally responsible, in part, for creating and implementing practices and protocols that govern the provision of medical and mental health care to inmates at the Muskogee County Jail, and for training and supervising its employees.

5.    Defendant Andy Simmons ("Sheriff Simmons" or "Defendant Simmons") is the Sheriff of Muskogee County, Oklahoma, residing in Muskogee County, Oklahoma and acting under color or state law. Sheriff Simmons is sued purely in his official capacity. It is well-established, as a matter of the Tenth Circuit authority, that a § 1983 claim against a county sheriff in his official capacity "is the same as bringing a suit against the county." *Martinez v. Beggs*, 563 F. App'x 731, 737 (10th Cir. 2014). Thus, in suing Sheriff Simmons in his official capacity, Plaintiff has brought suit against the County/MCSO.

6.    Defendant Board of County Commissioners of Muskogee County ("BOCC" or the "County") is a statutorily created governmental entity. 57 Okla. Stat. § 41 provides that "[e]very county, by authority of the *board of county commissioners* and at the expense of the county, *shall*

2

EXHIBIT 2

*have a jail* or access to a jail in another county *for the safekeeping of prisoners lawfully committed.*" (emphasis added). BOCC must discharge its responsibilities to the Muskogee County Jail in a constitutional manner.

7.     The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1343 to secure protection of and to redress deprivations of rights secured by the Eighth and Fourteenth Amendments to the United States Constitution as enforced by 42 U.S.C. §1983, which provides for the protection of all persons in their civil rights and the redress of deprivation of rights under color of law.

8.     The jurisdiction of this Court is also invoked under 28 U.S.C. §1331 to resolve a controversy arising under the Constitution and laws of the United States, particularly the Eighth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. §1983.

9.     This Court has supplemental jurisdiction over the state law claims asserted herein pursuant to 28 U.S.C. §1367, since the claims form part of the same case or controversy arising under the United States Constitution and federal law.

10.     Venue is proper under 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this District.

## STATEMENT OF FACTS

11.     Paragraphs 1-10 are incorporated herein by reference.

12.     On or about January 3, 2020, Mr. Bo Michael Guthrie was assaulted by a cellmate at the Muskogee County Jail and was sent via EMS to the Muskogee Saint Francis Hospital for treatment.

13.     After he was released back to the Muskogee County Jail, Mr. Guthrie began exhibiting more signs of medical distress. Mr. Guthrie was again transported to Saint Francis Hospital in Muskogee.

3

EXHIBIT 2

14.     Saint Francis Hospital Muskogee then transferred him to Saint Francis Tulsa, where he

died ten days later January 13, 2020.

15.     On or about July 9, 2020, and pursuant to 51 O.S. § 156, Plaintiffs timely filed a Notice

of Claim within one year of the date on which the loss occurred (i.e., approximately April

4, 2015), serving copies of the same on the office of the clerk for each of the following

entities BOCC, Muskogee County Sheriff, and Muskogee County clerk and  were

notified by separate letter on February 20,2020 to preserve evidence surrounding this

incident and of the impending potential tort claim.

## CAUSES OF ACTION
### CRUEL AND UNUSUAL PUNISHMENT IN VIOLATION OF THE EIGHTH AND/OR FOURTEENTH AMENDMEENT(S) TO THE CONSTITUION OF THE UNITED STATES
### (42 U.S.C. § 1983)

16.     Paragraphs 1-15 are incorporated herein by reference.

17.     Mr. Guthrie's injuries and medical condition sharply and obviously deteriorated under

the care of MCSO and TURN KEY staff.

18      As a direct and proximate result of Defendants' conduct Mr. Guthrie suffered damages

and is entitled to pecuniary and compensatory damages. Plaintiff is entitled to damages due to

the Defendants' deprivation of his rights secured by the U.S. Constitution.

### NEGLIGENCE
### (TURN KEY)

19.     Paragraph 1-17 are incorporated herein by reference.

20.     TURN KEY is vicariously liable for the acts of its employees and/or agents under the

doctrine of *respondeat superior*.

4

EXHIBIT 2

21.     TURN KEY, through its employees and/or agents at the Muskogee County Jail, owed a

duty to Mr. Guthrie, and all other inmates incarcerated at the Muskogee County Jail, to tender

medical treatment with reasonable care, taking caution not to cause additional harm during the

course of medical treatment.

22.     TURN KEY's negligence is the direct and proximate cause of Mr. Guthrie's death and

the damages alleged herein.

### Violation of Article II § 9 and Article II §7 of the Constitution of the State of Oklahoma (BOCC, TURN KEY and/or Simmons)

23.     Paragraph 1-22 are incorporated herein by reference.

24.     Article II § 9 of the Oklahoma Constitution prohibits the infliction of cruel and unusual

punishment. Under the Oklahoma Constitution's Due Process Clause, Article II § 7, the right to

be free from cruel and unusual punishment extends to pre-trial detainees who have yet to be

convicted of a crime (in addition to convicted prisoners who are clearly protected under Article

II § 9).

25.     The Constitution of the State of Oklahoma, under Article II § 9 and Article II § 7,

provides a private right of action for Mr. Guthrie to be free from cruel and unusual punishment,

which includes protection from the denial of needed medical care while in custody.

26.     As described herein, Mr. Guthrie, while in custody of MCSO, and under the care of

TURN KEY, was denied proper medical treatment.

27.     BOCC, TURN KEY, and/or Sheriff Simmons are vicariously liable for the violations of

the Oklahoma Constitution by employees and agents acting within the scope of their

employment.

        **WHEREFORE**, premises considered, Plaintiff Lorena Sanchez prays for

judgment against Defendants for all available pecuniary and non-economic damages, as well as

5

EXHIBIT 2

punitive damages (against the individual Defendants only), in an amount exceeding $75,000.00, or such other specific sum consistent with the evidence that Plaintiffs anticipate will be presented in this case.  Plaintiffs also pray for prejudgment interest, attorney fees, and the costs of this action, to be taxed against Defendants, along with an award of all other relief (whether legal, equitable, or both) to which Plaintiffs may be entitled and/or that the Court deems just and proper.

Respectfully submitted:

**GARRETT LAW**

**D. Mitchell Garrett, OBA # 20704**
**320 South Boston Avenue, Suite 825**
**Tulsa, Oklahoma 74103**
**Telephone: (918) 221-6190**
**Facsimile: (918) 340-6799**
**E-mail: Mitchell@garrettlawcenter.com**
**Attorney for Plaintiff**

6

EXHIBIT 2