**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| (1) LORENA SANCHEZ, as Special Administrator to BO MICHAEL GUTHRIE, deceased, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 21-cv-306-JFH |
| (1) TURN KEY HEALTH CLINICS, LLC, (2) BOARD OF COUNTY COMMISSIONERS OF MUSKOGEE COUNTY, (3) ANDY SIMMONS, in his official Capacity, as Muskogee County Sheriff, (4) MUSKOGEE COUNTY SHERIFF'S DEPARTMENT, | ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

**DEFENDANTS BOARD OF COUNTY COMMISSIONERS, ANDY SIMMONS, in his official Capacity, and MUSKOGEE COUNTY SHERIFF'S DEPARTMENT'S MOTION TO DISMISS AND BRIEF IN SUPPORT**

Respectfully submitted,

s/ Jamison C. Whitson
Jamison C. Whitson, OBA No. 18490
COLLINS, ZORN & WAGNER, PLLC
429 N.E. 50th Street, Second Floor
Oklahoma City, OK  73105
Telephone:  (405) 524-2070
Facsimile:  (405) 524-2078
E-mail: jcw@czwlaw.com

*ATTORNEYS FOR BOARD OF COUNTY COMMISSIONERS OF MUSKOGEE COUNTY, and ANDY SIMMONS, IN HIS OFFICIAL CAPACITY, AS MUSKOGEE COUNTY SHERIFF*

October 15, 2021

## TABLE OF CONTENTS

TABLE OF CONTENTS.................................................................................................... ii

TABLE OF AUTHORITIES ....................................................................................iii-vi

LIST OF ATTACHMENTS ........................................................................................ vi

STANDARD OF REVIEW ...........................................................................................1

I.      The Muskogee County Sheriff's Department is Not a Legal Entity Subject to Suit............3

II.     Plaintiff's Claims Against the Defendant Board Are Unnecessarily Duplicative
        of Her Claims Against Defendant Simmons ........................................................5

III.    Plaintiff Has Failed to State a Plausible 42 U.S.C. § 1983 Claim Against the
        Defendant Board and Defendant Simmons ........................................................10

IV.     Defendant Board and Defendant Simmons Are Immune From Plaintiff's
        State Law Claims.................................................................................15

COMPLIANCE WITH LOCAL RULE 7.1(O)...........................................................19

CONCLUSION.........................................................................................20

CERTIFICATE OF SERVICE ....................................................................21

# TABLE OF AUTHORITIES

## Cases

*Anspach v. Philadelphia Department of Public Health*, 503 F.3d 256 (3d Cir. 2007)................... 2

*Ashcroft v. Iqbal*, 129 S.Ct. 1937 (2009) ................................................................... 2, 3

*Barrios v. Haskell County Public Facilities Authority; Foutch v. Turn Key Health*,
 432 P.3d 233 (Okla. 2018)........................................................................... 18

*Beedle v. Wilson*, 422 F.3d 1059 (10th Cir. 2005).......................................................... 2

*Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) .... 2, 3, 13

*Board of County Commissioners of Bryan County, Oklahoma v. Brown*, 520 U.S. 397,
 (1997)......................................................................................... 14, 15

*Bosh v. Cherokee Cnty. Bldg. Auth.*, 305 P.3d 994 (Okla. 2013) ..................................... 17, 18, 19

*Bowens v. Board of County Commissioners of Custer County, Oklahoma*,
 No. CIV-19-314-C, 2020 WL 2892670, *2 (W.D. Okla. June 2, 2020) (unpub)..................... 8

*Brandon v. Holt*, 469 U.S. 464, 105 S.Ct. 873, 83 L.Ed.2d 878 (1985) ......................... 7

*Brashear v. Tulsa Cty. Bd. of Cty. Commissioners*, No. 15-CV-473-GKF-PJC,
 2016 WL 633374, *5 (N.D. Okla. Feb. 17, 2016) (unpub) ....................................... 9

*Christy Sports, LLC v. Deer Valley Resort Co.*, 555 F.3d 1188 (10th Cir. 2009) ......................... 2

*City of Los Angeles v. Heller*, 475 U.S. 796 (1986)....................................................... 11

*City of Oklahoma City v. Tuttle*, 471 U.S. 808 (1985).................................................. 14

*Conley v. Gibson*, 355 U.S. 41 (1957) ........................................................................ 2

*Dean v. Barber*, 951 F.2d 1210 (11th Cir. 1992)........................................................ 4

*Estate of Crowell v. Board of County Commissioners*, 237 P.3d 134 (Okla. 2010)..................... 7

*Farmer v. Brennan*, 511 U.S. 825 (1994) .............................................................. 12

*Fenn v. City of Truth or Consequences*, 983 F.3d 1143 (10 Cir. 2020) ...................... 11

*Fuller v. Odom*, 741 P.2d 449 (Okla. 1987)............................................................. 15

*Gibson v. Copeland*, 13 P.3d 989 (Okla. Ct. App. 2000)........................................................ 16

*Goss v. Board of County Com'rs of Creek County*, No. 13-CV-0374-CVE-TLW,
   2014 WL 4983856 (N.D. Okla. Oct. 6, 2014) (unpub)......................................................... 7, 8

*Hall v. Witteman*, 584 F.3d 859 (10th Cir. 2009) ........................................................... 2

*Hinton v. City of Elwood*, 997 F.2d 774 (10th Cir. 1993)...................................................... 11, 14

*Horton v. State*, 915 P.2d 352 (Okla. 1996)............................................................. 16

*Houston v. Reich*, 932 F.2d 883 (10th Cir.1991) ............................................................ 7

*Hunt v. Uphoff*, 199 F.3d 1220 (10th Cir. 1999)........................................................... 12

*Jantzen v. Bd. of County Comm'rs of Canadian County*, 188 F.3d 1247
   (10th Cir. 1999)............................................................................................ 6, 7

*Kentucky v. Graham*, 473 U.S. 159, 105 S. Ct. 3099, 87 L. Ed. 2d 114 (1985)............................. 8

*League of United Latin American Citizens v. Bredesen*, 500 F.3d 523 (6th Cir. 2007) ................. 2

*Lindsey v. Thompson*, 550 F.Supp.2d 1285 (E.D. Okla. 2006) ...................................................... 4

*Livsey v. Salt Lake County*, 275 F.3d 952 (10th Cir. 2001)........................................................ 11

*Martinez v. Beggs*, 563 F.3d 1082 (10th Cir. 2009) ....................................................... 12

*Martinez v. Winner*, 771 F.2d 424 (10th Cir. 1985) ........................................................ 4

*Mata v. Saiz*, 427 F.3d 745 (10th Cir. 2005)............................................................... 12

*Meade v. Grubbs*, 841 F.2d 1512 (10th Cir. 1988) ........................................................ 6

*Medina v. State*, 871 P.2d 1379 (Okla. 1993) .......................................................... 16, 17

*Monell v. Department of Social Services,* 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611
   (1978)........................................................................................................ 4

*Monell v. New York City Dept. of Social Services,* 436 U.S. 658 n. 55, 98 S. Ct. 2018,
   56 L. Ed. 2d 611 (1978) ................................................................................. 8, 9, 14

*Myers v. Okla. Cty. Bd. of Cty. Comm'rs*, 151 F.3d 1313 n.2 (10th Cir. 1998) ............................ 9

iv

*Oxendine v. R.G. Kaplan, M.D.*, 241 F.3d 1272 (10th Cir. 2001) .................................................. 11

*Pembaur v. City of Cincinnati*, 475 U.S. 469, 106 S.Ct. 1292, 89 L.Ed.2d 452 (1986).......... 7, 14

*Purvey v. State*, 905 P.2d 770 (Okla. 1995) .............................................................................. 17

*Redding v. State*, 882 P.2d 61 (Okla. 1994)................................................................................ 17

*Revene v. Charles County Commissioners*, 882 F.2d 870 (4th Cir. 1989) ..................................... 4

*Rhodes v. McDannel*, 945 F.2d 117 (6th Cir. 1991) ....................................................................... 4

*Salazar v. City of Oklahoma City*, 976 P.2d 1056 (Okla. 1999) ................................................. 16

*Spruill v. Gillis*, 372 F.3d 218 (3rd Cir. 2004).............................................................................. 12

*State v. Burris*, 894 P.2d 1122 (Okla. 1995) ............................................................................... 17

*State, ex rel. Vore v. Wochrer*, 475 F.Supp. 274 (E.D. Mo. 1979)................................................. 4

*Taylor v. Comanche County Facilities Authority*
    (Report and Recommendation in W.D. Okla. Case No. CIV-18-55-G, p. 2 n.2) (unpub) ......... 8

*Walker v. City of Orem*, 451 F.3d 1139 (10th Cir. 2006) ........................................................... 11

*Watson v. City of Kan. City*, 857 F.2d 690 (10th Cir.1988)........................................................... 9

*Whitley v. Albers*, 475 U.S. 312, 106 S.Ct. 1078, 89 L.Ed.2d 251 (1986) ................................... 12

**Federal Statutes**
42 U.S.C. § 1983.................................................................................................................. passim

**Federal Rules**
Fed. R. Civ. P. 8 ................................................................................................................................ 3
Fed. R. Civ. P. 8(a)(2)....................................................................................................................... 3
Fed. R. Civ. P. 11(b)(3).................................................................................................................. 20
Fed. R. Civ. P. 12(b)(6)............................................................................................................ passim
Fed. R. Civ. P. 17(b)(3).................................................................................................................... 3

**Other Authorities**
Okla. A.G. Opin. No. 79-98............................................................................................................. 5

**Constitutional Provisions**

Okla. Const. Art. II, § 30 ................................................................................................. 17
Okla. Const. Art. II, § 7 ............................................................................................ 15, 18
Okla. Const. Art. II, § 9 ............................................................................................ 15, 18

**Oklahoma Statutes**

Okla. Stat. tit. 19, § 4 ......................................................................................... 7, 9, 10
Okla. Stat. tit. 19, § 131 ................................................................................................. 5
Okla. Stat. tit. 19, § 161 ........................................................................................... 9, 10
Okla. Stat. tit. 19, § 161(1) ........................................................................................... 10
Okla. Stat. tit. 19, § 513 ................................................................................................. 5
Okla. Stat. tit. 19, § 516 ................................................................................................. 5
Okla. Stat. tit. 19, § 547 ................................................................................................. 5
Okla. Stat. tit. 19, § 547(A) ............................................................................................ 6
Okla. Stat. tit. 51, § 151 ........................................................................................... 15, 18
Okla. Stat. tit. 51, § 152 ................................................................................................. 4
Okla. Stat. tit. 51, § 152(11)(c) .................................................................................. 4, 16
Okla. Stat. tit. 51, § 152(14) ...................................................................................... 17, 18
Okla. Stat. tit. 51, § 152.1(A) ........................................................................................ 16
Okla. Stat. tit. 51, § 152.1(B) ........................................................................................ 16
Okla. Stat. tit. 51, § 153 ................................................................................................ 18
Okla. Stat. tit. 51, § 153(B) ........................................................................................... 18
Okla. Stat. tit. 51, § 155 ................................................................................................ 16
Okla. Stat. tit. 51, § 155(23) .......................................................................................... 17
Okla. Stat. tit. 51, § 155(25) ................................................................................ 16, 17, 18, 19
Okla. Stat. tit. 57, § 47 ................................................................................................... 5
Okla. Stat. tit. 57, § 52 ................................................................................................... 5

**Local Rules**

Local Rule 7.1(O) ........................................................................................................ 19

## LIST OF ATTACHMENTS

Ex. 1 – *Goss v. Board of County Com'rs of Creek County*, No. 13-CV-0374-CVE-TLW,
2014 WL 4983856 (N.D. Okla. Oct. 6, 2014)

Ex. 2 – *Bowens v. Board of County Commissioners of Custer County, Oklahoma*,
No. CIV-19-314-C, 2020 WL 2892670, (W.D. Okla. June 2, 2020)

Ex. 3 – *Taylor v. Comanche County Facilities Authority*
(Report and Recommendation in W.D. Okla. Case No. CIV-18-55-G, p. 2 n.2)

Ex. 4 – *Brashear v. Tulsa Cty. Bd. of Cty. Commissioners*, No. 15-CV-473-GKF-PJC,
2016 WL 633374, (N.D. Okla. Feb. 17, 2016)

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| (1) LORENA SANCHEZ<br>as SPECIAL ADMINISTRATOR<br>to BO MICHAEL GUTHRIE,<br>deceased,<br><br>Plaintiff,<br><br>v.<br><br>(1) TURN KEY HEALTH CLINICS, LLC<br>(2) BOARD OF COUNTY<br>COMMISSIONERS OF MUSKOGEE<br>COUNTY,<br>(3) ANDY SIMMONS, in his official<br>Capacity as Muskogee County Sheriff,<br>(4) MUSKOGEE COUNTY SHERIFF'S<br>DEPARTMENT<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 21-cv-306-JFH |

## DEFENDANTS BOARD OF COUNTY COMMISSIONERS, ANDY SIMMONS, AND MUSKOGEE COUNTY SHERIFF'S DEPARTMENT'S MOTION TO DISMISS AND BRIEF IN SUPPORT

Defendants Board of County Commissioners of Muskogee County; Andy Simmons, in his official capacity as Muskogee County Sheriff; and Muskogee County Sheriff's Department, (collectively referred to herein as "Defendants"), submit this Motion to Dismiss the claims against them in Plaintiff's Complaint (Dkt. 2-2)[1], pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted.

### STANDARD OF REVIEW

In considering a 12(b)(6) motion, the truth of a plaintiff's *well-pled* factual allegations must be viewed in the light most favorable to the plaintiff. *Beedle v. Wilson*, 422 F.3d 1059,

---

[1] As Plaintiff's initial pleading was filed in state court, it is entitled "Petition." However, in conformance with the nomenclature employed by the federal courts, the pleading will be referred to herein as the Complaint.

1063 (10th Cir. 2005). In this regard, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007) (abrogating *Conley v. Gibson*, 355 U.S. 41 (1957)).  Furthermore, a plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 127 S.Ct. at 1965.  The complaint must possess enough heft to "show that the pleader is entitled to relief." *Id*. at 1966. It is the plaintiff's duty to furnish factual "allegations plausibly suggesting (not merely consistent with)" an entitlement to relief. *Id*.

The court need not credit bald assertions or legal conclusions. *Anspach v. Philadelphia Department of Public Health*, 503 F.3d 256, 260 (3d Cir. 2007) (citation omitted).  "Legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Id*. (citation omitted).  A "[p]laintiff's obligation to provide the 'grounds' of their entitlement to relief requires more than labels and conclusions or a formulaic recitation of the elements of the cause of action." *League of United Latin American Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007) (citing *Twombly* 127 S.Ct. at 1964-65).

"The Court must ask whether there is plausibility in the complaint when addressing the issue of sufficient factual pleadings to overcome a FRCP 12(b)(6) Motion to Dismiss."  *Hall v. Witteman*, 584 F.3d 859, 863 (10th Cir. 2009), *citing Christy Sports, LLC v. Deer Valley Resort Co.*, 555 F.3d 1188, 1191 (10th Cir. 2009).  The *Hall* Court also found that the complaint does not need detailed factual allegations, but the factual allegations must be enough to raise a right to relief above the speculative level.  *Id*.  The Court further held that "a claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Hall* at 863, *citing Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009).  In *Iqbal*, the Court stressed that it is not enough for the plaintiff to

2

plead facts "merely consistent" with the defendant's liability, and that "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Iqbal* at 1949.

A plaintiff's complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id*. (citing *Twombly*, 550 U.S. at 570). Where the complaint pleads only facts that do not permit the court to infer more than the mere possibility of misconduct, such complaint has not shown that the plaintiff is entitled to relief. *Id*. at 1950. *See also* Fed. R. Civ. P. 8(a)(2). Also, where a complaint contains no more than mere legal conclusions, such conclusions are not entitled to a presumption of truth. *Iqbal* at 1949-50. Rather, a plaintiff must allege enough factual matter that, taken as true, suggest the legal conclusion plaintiff asserts. *Id.* at 1950 (citing *Twombly*, 550 U.S. at 570 (because the well-pleaded fact of conduct, accepted as true, did not plausibly suggest an unlawful agreement, the complaint must be dismissed)). While the pleading standard of Fed. R. Civ. P. 8 does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* at 1949.

## PROPOSITION I:

### The Muskogee County Sheriff's Department is Not a Legal Entity Subject to Suit

Plaintiff asserts claims under both federal and state law. Oklahoma legal authority is clearly applicable to Plaintiff's state law claims. Additionally, Oklahoma legal authority is applicable to Plaintiff's federal claims, with respect to the Defendants' capacity to be sued. Specifically, Rule 17(b)(3) of the Federal Rules of Civil Procedure provides that a defendant's capacity to sue or be sued is determined "by the law of the state where the court is located..."

Accordingly, Oklahoma authority would apply, in considering whether Plaintiffs have named a proper party defendant.

Under Oklahoma law, the Muskogee County Sheriff's Department does not possess a separate legal existence from Muskogee County. *See* Okla. Stat. tit. 51, § 152. Defining those governmental entities that may bear liability under the Oklahoma Governmental Tort Claims Act ("OGTCA"), the statute defines "political subdivision" to include a county. Okla. Stat. tit. 51, §152(11)(c). However, the OGTCA definition of a political subdivision does not include any other county office or department, and courts have consistently and expressly ruled that such offices and departments, such as a sheriff's department or jail, are not legal entities subject to suit. *See Lindsey v. Thompson*, 550 F.Supp.2d 1285, 1289 (E.D. Okla. 2006) (holding that the Carter County Sheriff's Department is not a suable legal entity).  As such, the Muskogee County Sheriff's Department, like any other office, department, or facility of Muskogee County, may not be sued under 42 U.S.C. § 1983 or state law because it lacks legal identity apart from Muskogee County.  As the court in *Dean v. Barber*, 951 F.2d 1210 (11th Cir. 1992) stated:

> The district court correctly dismissed Dean's claim against the Jefferson County Sheriff's Department. We agree with the magistrate judge's conclusion, which was adopted by the district court, that the Jefferson County Sheriff's Department is not a legal entity and, therefore, is not subject to suit or liability under section 1983. In so concluding, we reject Dean's reliance on *Monell v. Department of Social Services*, 436 U.S. 658, 690, 98 S.Ct. 2018, 2035, 56 L.Ed.2d 611 (1978), where the Supreme Court held that Congress "intend[ed] municipalities and other local government units to be included among those persons to whom § 1983 applies." The question here is not whether the Jefferson County Sheriff's Department is a "person" for the purposes of liability under *Monell* and section 1983, but whether the Department is a legal entity subject to suit.

*Id.* at 1214.  *See also Rhodes v. McDannel*, 945 F.2d 117, 120 (6th Cir. 1991); *Revene v. Charles County Commissioners*, 882 F.2d 870, 874 (4th Cir. 1989); *Martinez v. Winner*, 771 F.2d 424, 444 (10th Cir. 1985); *State, ex rel. Vore v. Wochrer*, 475 F.Supp. 274, 280 (E.D. Mo. 1979).

Accordingly, all claims against the Muskogee County Sheriff's Department should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

## PROPOSITION II:

### Plaintiff's Claims Against the Defendant Board Are
### Unnecessarily Duplicative of Her Claims Against Defendant Simmons

Plaintiff has asserted 42 U.S.C. § 1983 claims and state law against the Defendant Board regarding the operation of the Muskogee County Jail. Specifically, Plaintiff alleges that the Decedent was not provided adequate medical care while detained in the Jail. However, the Defendant Board is not a proper party to such claims.

For the purposes of attempting to establish governmental liability under § 1983, the proper party defendant to Plaintiff's § 1983 claims is the Sheriff of Muskogee County in his official capacity who Plaintiff is already suing herein. In that regard, Plaintiff cannot establish governmental liability against the Defendant Board as a matter of law because the Board does not have any final policy-making authority regarding the operation of the Muskogee County Jail under Oklahoma law. Under Oklahoma law, the county sheriff is the official charged with final policy-making authority regarding the operations of the county jail and the Sheriff's Office. Pursuant to the Oklahoma Statutes, the sheriff is an independently elected county official and is the chief law enforcement official of said county. Okla. Stat. tit. 19, §§ 131 and 516; *see also* Okla. A.G. Opin. No. 79-98. Pursuant to Okla. Stat. tit. 19, § 513, the sheriff is charged with the custody of the county jail and its prisoners. Additionally, pursuant to Okla. Stat. tit. 19, § 547, the sheriff is responsible for the official acts of his undersheriff and deputy sheriffs. Pursuant to Okla. Stat. tit. 57, § 47, "[t]he sheriff, or such person designated by law in his place, shall have charge of the county jail of his county and of all persons by law confined therein…" Furthermore, pursuant to Okla. Stat. tit. 57, § 52, "[i]t shall be the duty of the sheriff of each

county to provide bed clothing, washing, board and **medical care** when required, and all necessities for the comfort and welfare of prisoners…" (Emphasis added). Thus, under Oklahoma law, the sheriff is the official with final policy-making authority regarding the operation of the Sheriff's Office, and the county jail and the provision of medical care to county prisoners.

*Meade v. Grubbs*, 841 F.2d 1512 (10th Cir. 1988) involved the alleged beating of a county jail inmate by sheriff's deputies. In *Meade*, the Tenth Circuit confirmed that a board of county commissioners cannot be held liable under § 1983 for a deputy's alleged use of force. The Court relied on Okla. Stat. tit. 19, §§ 513 and 547(A) for the proposition that "[u]nder Oklahoma law, a sheriff is responsible for the proper management of the jail in his county and the conduct of his deputies.' *Id*. at 1528. In holding that the board of county commissioners could not be held liable under § 1983, the Court stated that "[u]nder Oklahoma law, the Board has no statutory duty to hire, train, supervise, or discipline the county sheriffs or their deputies." *Id*. The Court further held that "[c]onsequently, unless the Commissioners voluntarily undertook responsibility for hiring or supervising county law enforcement officers, which is not alleged, they were not 'affirmatively linked' with the alleged acts." *Id*.

Likewise, in *Jantzen v. Bd. of County Comm'rs of Canadian County*, 188 F.3d 1247, 1259 (10th Cir. 1999), the Tenth Circuit specifically held that the defendant board of county commissioners may not be held liable for violating §1983 due to the actions of a governmental official in his official capacity absent a showing that said official was executing an unconstitutional policy or custom of the board itself. In so holding, the court in *Jantzen* rejected the appellants' argument that the sheriff in his official capacity is essentially the same entity as the board with regard to liability under §1983.

> Appellants, citing *Brandon v. Holt*, 469 U.S. 464, 471-72, 105 S.Ct. 873, 83 L.Ed.2d 878 (1985), argue that the Board should be held liable because [Sheriff] Hawkins in his official capacity "is essentially the same entity as the Board." **However, a municipality cannot be liable under § 1983 for acts of a municipal official in his official capacity "unless that official possesses final policymaking authority to establish municipal policy with respect to acts in question**." *Houston v. Reich*, 932 F.2d 883, 887 (10th Cir.1991) (citing *Pembaur v. City of Cincinnati*, 475 U.S. 469, 106 S.Ct. 1292, 89 L.Ed.2d 452 (1986)).

*Id*. (emphasis added). The court further reasoned that "[t]he Sheriff was popularly elected by the people of Canadian County, and he fired the Appellants. The Sheriff neither reports to, nor is controlled by, the Board, and thus there is no basis in this case by which the Board could be held liable for such allegedly unlawful terminations." *Id*.

Additionally, in *Estate of Crowell v. Board of County Commissioners*, 237 P.3d 134 (Okla. 2010) the Oklahoma Supreme Court stated:

> Under Oklahoma law, the sheriff is the final policymaker for a county jail. The sheriff, and not the board, is responsible for medical care in Oklahoma. Also, the board of county commissioners is not liable under 42 U.S.C. § 1983 because the board has no statutory duty to hire, train, supervise, or discipline county sheriffs or deputies.

*Id*. at 142 (footnoted citations omitted).

Likewise, in *Goss v. Board of County Com'rs of Creek County*, No. 13-CV-0374-CVE-TLW, 2014 WL 4983856 (N.D. Okla. Oct. 6, 2014) (unpub)[2], the U.S. District Court for the Northern District of Oklahoma granted summary judgment to the Board of County Commissioners of Creek County on the basis that the Board was not a proper party to the plaintiffs' § 1983 claims. *Id*. at *6. In so holding, the court stated:

> The second amended complaint is completely devoid of any reference to the Board itself, its individual members, or its employees. Plaintiffs present no policies, customs, or other legal justifications, outside of their reference to Title 19, § 4, showing why the Board is responsible for the allegedly unconstitutional

---

[2] A copy of this unpublished opinion is attached as Exhibit 1.

acts of Sheriff Davis, his deputies, or the jail officials in his employ. Thus, the Board is entitled to summary judgment on all of plaintiffs' claims under §1983.

*Id*.

Here, there are no factual allegations which affirmatively link any alleged act or omission by the Defendant Board to the alleged violation of the Decedent's constitutional rights. There is no allegation that the Defendant Board was involved in the operation of the jail, that the Sheriff delegated any policy-making authority to the Defendant Board, or that the Board exercised any *de facto* policy-making authority with regard to the operation of the jail. Accordingly, Plaintiff simply cannot establish governmental liability against the Defendant Board under § 1983 and it should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

Furthermore, official capacity suits "generally represent only another way of pleading an action against an entity of which an officer is an agent." *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 690 n. 55, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978); s*ee also Kentucky v. Graham*, 473 U.S. 159, 165, 105 S. Ct. 3099, 87 L. Ed. 2d 114 (1985). As such, Plaintiff's § 1983 claims against the Defendant Board are entirely redundant and duplicative of the same claims against Defendant Simmons, who is sued only in his official capacity, and should, thus, be dismissed pursuant to Fed. R. Civ. P. 12(b)(6). *See Bowens v. Board of County Commissioners of Custer County, Oklahoma*, No. CIV-19-314-C, 2020 WL 2892670, *2 (W.D. Okla. June 2, 2020) (unpub)("Plaintiff's claims against Sheriff Tidwell in his official capacity and those against Defendant Board are duplicative. Defendant Board's request for dismissal will be granted on this issue."); *see also Taylor v. Comanche County Facilities Authority* (Report and Recommendation in W.D. Okla. Case No. CIV-18-55-G, p. 2 n.2) (unpub)(internal quotations omitted) ("Naming both CCFA and Defendant Hobbs in his official capacity is redundant. A [section 1983] suit against a municipality and a suit against a municipal official acting in his or

her official capacity are the same."); *Myers v. Okla. Cty. Bd. of Cty. Comm'rs*, 151 F.3d 1313, 1316 n.2 (10th Cir. 1998); *Watson v. City of Kan. City*, 857 F.2d 690, 695 (10th Cir.1988); *Brashear v. Tulsa Cty. Bd. of Cty. Commissioners*, No. 15-CV-473-GKF-PJC, 2016 WL 633374, *5 (N.D. Okla. Feb. 17, 2016) (unpub)(internal quotations omitted)("As just mentioned, Brashear has named both the Board and Sheriff Glanz, in his official capacity, as defendants. The Board now moves for an order declaring that, for the purposes of plaintiff's § 1983 claims, it and Sheriff Glanz are one and the same defendant. In response, Brashear contends that the Board and the sheriff in his official capacity are both proper defendants under *Monell* and, thus, that the Board's request should be denied. The law on this issue is clear. Plaintiff's claims against the Board and the sheriff in his official capacity both equate to actions against Tulsa County.  In short, they are two ways of pleading the same claim. The court, therefore, holds that the Board and Sheriff Glanz are one and the same defendant for the purposes of plaintiff's § 1983 claims").[3]

With regard to Plaintiff's state law claims, Plaintiff's assertion of such claims against the Defendant Board is also unnecessarily duplicative of the same claims asserted against Defendant Simmons.  In that regard, Okla. Stat. tit. 19, § 4 provides:

> In all suits or proceedings by or against a county, the name in which a county shall sue or be sued shall be, "Board of County Commissioners of the County of _____," but this provision shall not prevent county officers, where authorized by law, from suing in their official name for the benefit of the county. **Suit may be brought against a county by naming a county officer identified in Section 161 of this title when it is alleged that such officer in his or her official capacity is directly or vicariously liable to plaintiff in an action not arising out of contract**. Otherwise, suit may be brought against a county by naming the Board of County Commissioners of the County of _____; **in actions against the Board not arising out of contract, upon motion, the Court may substitute a county officer identified in Section 161 of this title in his or her official capacity for**

---

[3] Copies of these unpublished cases are attached as Exhibits 2-4.

**the Board upon a showing that such county officer is better suited to represent and defend the county under the particular facts of the case**.

(Emphasis).

As Sheriff of Muskogee County, Defendant Simmons is a "county officer" identified in Okla. Stat. tit. 19, § 161(1). Moreover, because Defendant Simmons is the official charged with final policy-making authority regarding the operation of the Muskogee County Jail as discussed above, and because there are no factual allegations implicating any act or omission by the Defendant Board in this matter, Defendant Simmons is better suited to represent and defend Muskogee County under the alleged facts of the case as provided for in Okla. Stat. tit. 19, § 4.

In summary, Plaintiffs has sued for federal constitutional violations and for state law claim both against the Defendant Board and Defendant Sheriff Simmons in his official capacity. These are two ways to name the same Defendant, essentially the governmental entity. Such a tactic is unnecessary, duplicative, and redundant, and simply acts to complicate matters in this case. For these reasons, Plaintiff's claims against the Defendant Board should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

## PROPOSITION III:

### Plaintiff Has Failed to State a Plausible 42 U.S.C. § 1983 Claim Against the Defendant Board and Defendant Simmons

Plaintiff asserts a 42 U.S.C. § 1983 claim against the Defendant Board and Defendant Simmons for the alleged violation of the Decedent's federal constitutional right of access to medical care. (Dkt. 2-2, ¶¶ 17-18). However, the Complaint lacks sufficient non-conclusory factual allegations to state a facially plausible claim for such violation.

In order to state a plausible § 1983 governmental liability claim against these Defendants, Plaintiff must show an underlying violation of the Decedent's constitutional rights by some

agent, employee, or officer of the Muskogee County Jail. In that regard, the Tenth Circuit Court of Appeals has held that "[a] municipality may not be held liable where there was no underlying constitutional violation by any of its officers." *Fenn v. City of Truth or Consequences*, 983 F.3d 1143, 1150 (10 Cir. 2020) (quoting *Hinton v. City of Elwood*, 997 F.2d 774, 782 (10th Cir. 1993)). This is so "regardless of whether the municipality's policies might have 'authorized' such harm." *Hinton, supra.* (citing *City of Los Angeles v. Heller*, 475 U.S. 796, (1986)); s*ee also Walker v. City of Orem*, 451 F.3d 1139, 1152 (10th Cir. 2006) (a plaintiff suing a county under section 1983 for the actions of one of its officers must demonstrate that a governmental employee committed a constitutional violation); *Livsey v. Salt Lake County*, 275 F.3d 952, 958 (10th Cir. 2001) (defendants' actions did not violate constitutional rights and could not have caused the county to be held liable based on their actions). However, the Complaint wholly fails to state a plausible claim for any violation of the Decedent's constitutional right to medical care by any agent, employee, or officer of the Muskogee County Jail. The Complaint lacks sufficient non-conclusory factual allegations to state a facially plausible claim for such violation.

A § 1983 claim alleging inadequate or delayed medical care involves "both an objective and subjective component, such that [the Court] must determine both whether the deprivation is sufficiently serious and whether the government official acted with a sufficiently culpable state of mind." *Oxendine v. R.G. Kaplan, M.D.*, 241 F.3d 1272, 1276 (10th Cir. 2001). As to the objective component, a medical need is considered sufficiently serious if a physician has diagnosed the condition and mandated treatment, or the condition is so obvious that even a lay person would easily recognize the medical necessity for a doctor's attention. *Id*. A plaintiff must further demonstrate that the defendant's failure to timely meet that objective medical need caused him to suffer substantial harm. *Id*. at 1276-77.

As to the subjective prong of this test, a plaintiff must establish that a defendant knew of a substantial risk of harm and failed to take reasonable measures to abate it. *Hunt v. Uphoff*, 199 F.3d 1220, 1224 (10th Cir. 1999) (quoting *Farmer v. Brennan*, 511 U.S. 825, 847 (1994)).   In that regard, a plaintiff must show that the defendant was "aware of facts from which the inference could be drawn that a substantial risk of serious harm exists" and that the defendant actually drew that inference. *Mata v. Saiz*, 427 F.3d 745, 751 (10th Cir. 2005) (quoting *Farmer*, 511 U.S. at 837).   Deliberate indifference is characterized by "obduracy and wantoness." *Whitley v. Albers*, 475 U.S. 312, 319, 106 S.Ct. 1078, 89 L.Ed.2d 251 (1986).   "[A]n inadvertent failure to provide medical care does not rise to a constitutional violation." *Martinez v. Beggs*, 563 F.3d 1082, 1088 (10th Cir. 2009) (internal quotations and citations omitted).   The Tenth Circuit has held that a prison official acts "solely…as a gatekeeper to other medical personnel capable of treating the condition may be held liable under the deliberate indifference standard if she delays or refuses to fulfill that gatekeeper role." *Mata*, 427 F.3d at 751 (internal quotations and citation omitted).   Furthermore, in the absence of a reason to believe that medical personnel were mistreating or not treating the prisoner, non-medical prison personnel cannot be held liable for deliberate indifference to a prisoner's serious medical needs if the prisoner is under the care of prison medical personnel. *Spruill v. Gillis*, 372 F.3d 218, 236 (3rd Cir. 2004).

Here, the Complaint fails to allege sufficient facts to meet either the objective or subjective prongs of the deliberate indifference test. With regard to the objective prong, the Complaint does not allege that the Decedent's injuries had been diagnosed by a doctor and mandated treatment at the time of the alleged violation. To the contrary, the Complaint alleges that the Decedent had been previously taken to the hospital for treatment and that the hospital had cleared him for release back to the Muskogee County Jail. (Dkt. 2-2, ¶¶ 12-13). Nor does the

12

Complaint set forth any specific, non-conclusory facts indicating that the Decedent's condition was so obvious that even a lay person would easily recognize the medical necessity for a doctor's attention. Plaintiff does allege generally, and in conclusory fashion, that the Decedent "began exhibiting more signs of medical distress" (Dkt. 2-2, ¶ 13), and that his "injuries and medical condition sharply and obviously deteriorated under the care of MCSO and TURN KEY staff (Dkt. 2-2, ¶ 17). However, such general and conclusory allegations are not sufficient to state a plausible claim under the *Twombly* standard. In that regard, the Complaint wholly fails to describe the nature of the Decedent's alleged medical distress, or describe how his medical condition allegedly deteriorated, let alone explain how it would have been objectively obvious to jail staff that such alleged distress or deterioration necessitated a doctor's attention.

With regard the subjective prong of the test, the Complaint fails to set forth any specific, non-conclusory allegations of fact indicating that any agent, employee, or officer of the Muskogee County Jail was subjectively aware of a substantial risk of harm to the Decedent and failed to take reasonable measures to abate it. To the contrary, the Complaint alleges that the Decedent was sent to the hospital after the initial assault, and that, once he began exhibiting renewed signs of medical distress after his return to the jail, he was transported back to the hospital. (Dkt. 2-2, ¶¶ 12-13). Thus, rather than stating a plausible claim for deliberate indifference to the Decedent's medical needs on the part of jail staff, the factual allegations set forth in the Complaint suggest precisely the opposite.

All in all, Plaintiffs have failed to allege sufficient non-conclusory factual allegations to state a facially plausible claim for an underlying violation of the Decedent's right to medical care by any agent, employee, or officer of the Muskogee County Jail. Consequently, Plaintiff's

corresponding § 1983 governmental liability claim against the Defendant Board and Defendant Simmons must necessarily fail as well.

Regardless, even if Plaintiff had stated a plausible claim for such an underlying violation by any agent, employee, or officer of the Muskogee County Jail, she nevertheless still fails to state a plausible § 1983 governmental liability claim against the Defendant Board and Defendant Simmons. These Defendants cannot be held liable under § 1983 based upon the doctrine of *respondeat superior* or vicarious liability.   *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 694-95 (1978). In *Monell*, the Supreme Court held that a governmental entity is only liable under § 1983 when the constitutional injury can fairly be said to have been caused by that entity's own policies and customs. *Id*. at 694. The actions of the governmental entity must be the moving force behind the constitutional violation. *Id*. The Supreme Court has held that governmental liability for a constitutional violation "attaches where - and only where - the entity makes a deliberate choice to follow a course of action from among various alternatives." *Pembaur v. Cincinnati*, 475 U.S. 469, 483 (1986).

These Defendants may not be held liable simply because they "employ[] a tortfeasor." *Board of County Commissioners of Bryan County, Oklahoma v. Brown*, 520 U.S. 397, 403 (1997).  Additionally, "[t]hat a plaintiff has suffered a deprivation of federal rights at the hands of a municipal employee will not alone permit an inference of municipal culpability and causation." *Id.* at 406-07. Rather, *Monell* requires Plaintiff to establish that a policy or custom of the Muskogee County Jail exists and that it caused the alleged constitutional violations. *See City of Oklahoma City v. Tuttle*, 471 U.S. 808, 821-22 (1985); *see also Hinton*, *supra*. (plaintiff must show that there is a direct causal link between the policy or custom and the injury alleged).

Furthermore, it is not enough for a §1983 plaintiff merely to identify conduct properly attributable to the governmental entity. *Brown*, 520 U.S. at 408. The plaintiff must also demonstrate that, through its *deliberate conduct*, the governmental entity was the "*moving force*" behind the injury alleged.  *Id*. (emphasis added). Furthermore, "[w]here a plaintiff claims that the municipality has not directly inflicted an injury, but nonetheless has caused an employee to do so, rigorous standards of culpability and causation must be applied to ensure that the municipality is not held liable solely for the actions of its employee." *Id*. at 405.

Here, however, the Complaint is entirely devoid of any factual allegation indicating that the alleged violation of the Decedent's constitutional rights was caused by any policy, practice, or custom of the Muskogee County Jail. Accordingly, Plaintiff has failed to state a § 1983 claim against the Defendant Board or Defendant Simmons which is plausible on its face or which rises above a speculative level and such claims should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted.

**PROPOSITION IV:**

**Defendant Board and Defendant Simmons
Are Immune From Plaintiff's State Law Claims**

Plaintiff asserts state law claims against the Defendant Board and Defendant Simmons for alleged violation of the Decedent's rights under Article II, §§ 7 and 9 of the Oklahoma Constitution. However, the Defendant Board and Defendant Simmons are immune from suit for such claims.

Plaintiff's state law claims against these Defendants are governed by the Oklahoma Governmental Tort Claims Act ("OGTCA"), Okla. Stat. tit. 51, § 151, *et seq*. The OGTCA is the exclusive remedy by which an injured plaintiff may recover against an Oklahoma governmental entity in tort. *Fuller v. Odom*, 741 P.2d 449, 451 (Okla. 1987); *see also*  Okla.

Stat. tit. 51, §§ 152(14) and 153.  In the OGTCA, Okla. Stat. tit. 51, § 152.1(A), the legislature adopted and reaffirmed sovereign immunity for the State, its political subdivisions, and all employees acting within the scope of their employment. This immunity is subject to a limited waiver to the extent and the manner specifically provided for by the provisions of the other sections of the OGTCA. Okla. Stat. tit. 51, § 152.1(B); *see also Salazar v. City of Oklahoma City*, 976 P.2d 1056, 1066 (Okla. 1999). Muskogee County is a political subdivision under the OGTCA. *See* Okla. Stat. tit. 51, § 152(11)(c). Accordingly, Muskogee County (through the Defendant Board or Defendant Simmons) may be liable for its torts or the torts of its employees in situations where private persons or entities would also be liable under state law. *Salazar*, at 1066. However, the OGTCA also preserves certain limitations and exemptions from its general waiver of liability. *See Salazar, supra.; see also* Okla. Stat. tit. 51, § 155. In other words, the state and its political subdivisions do not always consent to suit, but rather retain their essential sovereign immunity in certain cases.

Okla. Stat. tit. 51, § 155(25) of the OGTCA provides complete tort immunity for losses resulting from the "(p)rovision, equipping, operation or maintenance of any prison, jail or correctional facility . . . ." (emphasis added). "The exemption from tort liability as provided in Section [155(25)] is all inclusive for tort claims." *Gibson v. Copeland*, 13 P.3d 989, 992 (Okla. Ct. App. 2000) (citing *Medina v. State*, 871 P.2d 1379 (Okla. 1993); *see also Horton v. State*, 915 P.2d 352, 354 (Okla. 1996) (noting that the state and its political subdivisions are "immune from tort liability to inmates . . . for the infinite numbers of activities that are involved in prison operations"). According to *Medina, supra.*, and its progeny, the exemption applies to preserve sovereign immunity against virtually **any** loss or

injury, whether to an inmate or other person, resulting from virtually **any** act undertaken in the operation of a jail. For example, in *Medina*, the Oklahoma Supreme Court found:

> Reading the three clauses of § 155(23) together reveals an intent to withhold the waiver of sovereign immunity for any loss or injury, whether to an inmate or other person, resulting from the operational level acts required to furnish the services of a penal institution, including the construction and repair of the facility; the security of the facility; the employment of personnel; the utilities and furnishings of the facility; the food, clothing, items for hygiene and other basic personal items needed by inmates or other persons; the educational, rehabilitative, communicational, recreational and ***medical and health services*** or any other service provided for inmates or other persons; the assignment of an inmate to a facility or a cell; and the release of an inmate; with the single exception of loss to persons not in custody caused by an accident involving a motor vehicle operated by the Department of Corrections.

*Id.*, 871 P.2d at 1384, n.13 (emphasis added, discussing the scope of what is now § 155(25), but was at the time § 155(23)); *see also Purvey v. State*, 905 P.2d 770 (Okla. 1995); *State v. Burris*, 894 P.2d 1122 (Okla. 1995). Indeed, in *Redding v. State*, 882 P.2d 61 (Okla. 1994), the Oklahoma Supreme Court, in discussing the scope of its holding in *Medina*, expressly held that the "legislative intent of § 155(23) is to protect the state from liability for loss resulting **from any and all actions** of officers and employees of a penal institution." *Id.* at 63 (emphasis added; discussing the scope of what is now § 155(25), but was at the time § 155(23)).

In *Bosh v. Cherokee Cnty. Bldg. Auth.*, 305 P.3d 994 (Okla. 2013), the Oklahoma Supreme Court recognized a limited private right of action for excessive force under Okla. Const. Art. 2, § 30, independent of the immunity provided by § 155(25) of the OGTCA. *Id.* at 997-1001. However, after the Oklahoma Supreme Court's decision in *Bosh*, the Oklahoma legislature amended the Oklahoma Governmental Tort Claims Act ("OGTCA") to bring Oklahoma constitutional claims within its ambit. *See* Okla. Stat. tit. 51, § 152(14) (as amended

April 21, 2014) and Okla. Stat. tit. 51, § 153 (as amended May 12, 2015).[4]  In that regard, the

Oklahoma legislature amended the definition of "tort" under the OGTCA to mean "a legal

wrong, independent of contract, involving violation of a duty imposed by general law, statute,

***the Constitution of the State of Oklahoma***, or otherwise…." Okla. Stat. tit. 51, § 152(14)

(emphasis added).  Moreover, the legislature also amended Okla. Stat. tit. 51, § 153 of the

OGTCA to read, in pertinent part:

> The liability of the state or political subdivision under The Governmental Tort
> Claims Act ***shall be exclusive and shall constitute the extent of tort liability of
> the state, a political subdivision or employee arising from common law, statute,
> the Oklahoma Constitution, or otherwise***.

 Okla. Stat. tit. 51, § 153(B) (emphasis added).

    In *Barrios v. Haskell County Public Facilities Authority; Fouch v. Turn Key Health*, 432

P.3d 233 (Okla. 2018), the Oklahoma Supreme Court was requested to respond to substantially

identical certified questions from the United States District Court for the Eastern District of

Oklahoma and the United States District Court for the Northern District of Oklahoma – *i.e.*

whether inmates have a private right of action ***for the denial of medical care*** under Okla. Const.

Art. II, §§ 7 and 9 despite the tort immunity provided by § 155(25). *Id*. at 234-35.   The

Oklahoma Supreme Court responded: "Because the Legislature responded to our decision in

*Bosh* by amending the Governmental Tort Claims Act ("GTCA"), 51 O.S. §§ 151 *et seq*., to

clarify that the State's immunity from suit extended even to so-called 'constitutional' torts, we

answer the first question 'no'." *Id*. at 235 (footnote omitted).  In so holding, the court reasoned:

> The Legislature's amendment of the GTCA to specify that the GTCA applies
> even to tort suits alleging violations of constitutional rights was an exercise of the
> Legislature's long-recognized power to define the scope of the State's sovereign

---

[4] These amendments were enacted well prior to the accrual of Plaintiff's claims in this matter.
(Dkt. 2-2, ¶¶ 12-15).

immunity, which forecloses our ability to expand the common law in a manner that would conflict with statutory law. Thus, because these "constitutional" torts are now clearly "torts" governed by the GTCA, the GTCA's specific prohibition against tort suits arising out of the "operation or maintenance of any prison, jail or correctional facility" bars the claims at issue here.

*Id*. at 238-39 (footnotes omitted).  The court further concluded:

…[B]ecause the Legislature amended the GTCA after our decision in *Bosh* to specify that the GTCA applies even to tort suits alleging violations of constitutional rights, we conclude that the GTCA's specific prohibition against tort suits arising out of the "operation or maintenance of any prison, jail or correctional facility" is a legislative determination to which we must now defer.

*Id*. at 240 (footnote omitted).

Accordingly, Okla. Stat. tit. 51, § 155(25) clearly applies to Plaintiff's Oklahoma constitutional claims and provides these Defendant with complete tort immunity for said claims. Consequently, Plaintiff has failed to state a state law claim against the Defendant Board or Defendant Simmons which is plausible on its face and such claims should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted.

**COMPLIANCE WITH LOCAL RULE 7.1(O)**

Defendants contend that further amendment to the Complaint would be futile as to Plaintiff's claims against them in this case. As discussed above, the Muskogee County Sheriff's Department is not a legal entity subject to suit under 42 U.S.C. or state law, and Plaintiff's § 1983 and state law claims against the Defendant Board are unnecessarily duplicative of the same claims against Defendant Simmons. Additionally, the Defendant Board and Defendant Simons are immune from suit for Plaintiff's state law claims. Furthermore, Plaintiff has failed to allege a plausible § 1983 claim against Defendants Board and Simmons, and Defendants contend that Plaintiff cannot truthfully amend his factual allegations in good faith under Fed. R. Civ. P.

11(b)(3) to make out any such plausible claim. As such, the defects of the Plaintiff's Complaint set forth herein cannot possibly be cured by any good faith amendment.

WHEREFORE, premises considered, Defendants Board of County Commissioners of Muskogee County; Andy Simmons, in his official capacity as Muskogee County Sheriff; and Muskogee County Sheriff's Department, respectfully request the Court to grant this Motion and to dismiss Plaintiff's claims against them pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted.

Respectfully submitted,

s/ Jamison C. Whitson
Jamison C. Whitson, OBA No. 18490
Andy A. Artus, OBA No. 16169
W.R. Moon Jr., OBA No. 32079
COLLINS, ZORN & WAGNER, PLLC
429 N.E. 50th Street, Second Floor
Oklahoma City, OK  73105
Telephone:  (405) 524-2070
Facsimile:  (405) 524-2078
E-mail: jcw@czwlaw.com
              aaa@czwlaw.com
              wrm@czwlaw.com

*ATTORNEYS FOR BOARD OF COUNTY
COMMISSIONERS OF MUSKOGEE
COUNTY, and ANDY SIMMONS, IN HIS
OFFICIAL CAPACITY, AS MUSKOGEE
COUNTY SHERIFF*

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 15, 2021, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing.  Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following ECF registrants:

D. Mitchell Garret
320 South Boston Avenue, Suite 825
Tulsa, OK  74103
mitchell@garrettlawcenter.com

***Attorney for Plaintiff***

s/ Jamison C. Whitson
Jamison C. Whitson

21