IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| LORENA SANCHEZ, as Special Administrator for the Estate of Bo Michael Guthrie, deceased, <br><br> Plaintiff, <br><br> v. <br><br> MUSKOGEE COUNTY SHERIFF, in his official capacity; KAROLINA BOULET; LACY ROSSON; CHIEF DEPUTY MICHAEL MAHAN; DEPUTY BRIAN REYES; GARRETT BOYD; LISA HOPE; EMMEY CAPPS; AUTUMN OWENS-SQUIRREL; SAMANTHA WEISENFELS; and KELSEY HALL, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) <br><br> Case No. CIV-21-306-JFH-GLJ |

REPORT AND RECOMMENDATION

Plaintiff Lorena Sanchez, as the Special Administrator for the Estate of Bo Michael Guthrie, deceased, filed this civil rights action against Defendants Muskogee County Sheriff ("MCS") in his official capacity, and Muskogee County Jail employees Karolina Boulet, Lacy Rosson, Chief Deputy Michael Mahan, Deputy Brian Reyes, Garrett Boyd, Lisa Hope, Emmey Capps, Autumn Owens-Squirrel, Samantha Weisenfels, and Kelsey Hall, arising out of a pretrial detention that ended upon Mr. Guthrie's death. Plaintiff alleges several Fourteenth Amendment claims pursuant to 42 U.S.C. § 1983, a claim for *Monell* liability pursuant to § 1983, and a claim for wrongful death under Oklahoma state

law. The Court has referred all further proceedings in this case to the undersigned Magistrate Judge in accordance with jurisdiction pursuant to 28 U.S.C. § 636, *see* Docket NO. 75, and this matter now comes before the undersigned Magistrate Judge on Defendants Board of County Commissioners and Muskogee County Sheriff's Office's Motion to Dismiss Plaintiff's First Amended Complaint and Brief in Support [Docket No. 16][1] and Defendant Muskogee County Sheriff's Partial Motion to Dismiss Plaintiff's Corrected Second Amended Complaint and Brief in Support [Docket No. 26]. For the reasons set forth below, the Court finds that Defendant MCS's Partial Motion to Dismiss [Docket No. 26] should be GRANTED and that the Motion to Dismiss Plaintiff's First Amended Complaint [Docket No. 16] should be DENIED AS MOOT.

## Procedural History

Plaintiff filed this case on April 1, 2021 in Oklahoma state court in Muskogee County, Case No. CJ-2021-10, against a number of Defendants. Two Defendants removed the case to this Court on October 13, 2021. *See* Docket Nos. 1-2. The Muskogee County Board of County Commissioners and the Muskogee County Sheriff's Department filed a motion to dismiss, Plaintiff filed a First Amended Complaint on October 29, 2021 in response, and the Court denied the original Motion to Dismiss as moot. *See* Docket Nos. 9, 11, 12. On November 11, 2021, the Muskogee County Board of County Commissioners and MCS again filed a joint Motion to Dismiss for failure to state a claim

---

[1] Plaintiff previously named the Muskogee County Board of County Commissioners, as well as a number of other individuals in her original Petition and First Amended Complaint, but they are no longer parties in light of the filing of Plaintiff's Second Amended Complaint.

as to Plaintiff's First Amended Complaint.  *See* Docket No. 16.  In response, the Plaintiff sought leave to amend her Complaint, which was granted; she filed her Second Amended Complaint on December 13, 2021, followed by a Corrected Second Amended Complaint (hereinafter, "Second Amended Complaint") on December 27, 2021.  *See* Docket Nos. 20, 22, 25.  Defendants' Motion to Dismiss Plaintiff's First Amended Complaint [Docket No. 16] remains pending.

Plaintiff alleges five causes of action in her Second Amended Complaint.  The first four are raised pursuant to § 1983 as violations of the Fourteenth Amendment: (i) deliberate indifference to serious medical needs as to certain individual defendants, (ii) deliberate indifference to Plaintiff's health and safety as to certain individual defendants, (iii) excessive force by certain individual defendants, and (iv) *Monell* liability for constitutional violations as to MCS.  *See* Docket No. 25, pp. 40-48.  Additionally, Plaintiff alleges a fifth cause of action as to all Defendants under Oklahoma state law, for wrongful death in violation of 12 Okla. Stat. § 1053.  *See Id*, pp. 48-49.  Defendant MSC has now filed a partial Motion to Dismiss [Docket No. 26], asserting that MCS is entitled to immunity from Plaintiff's Oklahoma state law claim for wrongful death.  For the reasons set forth below, the undersigned Magistrate Judge agrees that the Oklahoma state law claim should be dismissed as to MCS.  Additionally, the undersigned Magistrate Judge finds that the Motion to Dismiss Plaintiff's First Amended Complaint [Docket No. 16] should be denied as moot in light of the filing of the Second Amended Complaint.

**Analysis**

MCS contends that it is immune from suit for Plaintiff's state law wrongful death claim under the terms of the Oklahoma Governmental Tort Claims Act ("GTCA"). In response, Plaintiff contends that the state law wrongful death claim is an "extension" of a section 1983 claim, and Defendant is therefore not immune. The undersigned Magistrate Judge finds that Plaintiff's argument is foreclosed by Tenth Circuit precedent, and that MSC is immune from Plaintiff's state law claim for wrongful death pursuant to 12 Okla. Stat. § 1053.

The GTCA governs tort liability for a political subdivision in the state of Oklahoma. *See* 51 Okla. Stat. § 153(B) ("The liability of the state or political subdivision under The Governmental Tort Claims Act shall be exclusive and shall constitute the extent of tort liability of the state, a political subdivision or employee arising from common law, statute, the Oklahoma Constitution, or otherwise."). *See also* 51 Okla. Stat. § 152(11)(C) ("'Political subdivision' means: (a) a municipality . . . [or] (d) public trust where the sole beneficiary or beneficiaries are a city, town, school district or county."). Under 19 Okla. Stat. § 4, which was amended in 2019, "the correct means by which to name a county as a defendant in an action involving § 1983 claims (claims not arising out of contract) is to name the appropriate county officer in his or her official capacity[.]" *Kirkendall-Heller v. Bd. of Commissioners of Oklahoma Cnty.*, 2021 WL 2371348, at *1 (W.D. Okla. June 9, 2021). *See* 19 Okla. Stat. § 4 ("Suit may be brought against a county by naming a county officer . . . when it is alleged that such officer in his or her official capacity is directly or vicariously liable to plaintiff in an action not arising out of contract."). As an

initial matter, the undersigned Magistrate Judge finds that Plaintiff has appropriately identified the proper County Defendant as MCS in this case.

While MCS asserts immunity from suit under the GTCA, Plaintiff asserts the GTCA does not apply because "she is not asserting any state law tort claim but she is seeking to recover under 42 U.S.C. § 1983 damages set forth in Oklahoma's wrongful death statute, Okla. Stat. tit. 12, § 1053." *Dungee v. Bd. of Cty. Comm'rs of Cty. of Oklahoma*, 2014 WL 1878762, at *1 (W.D. Okla. May 12, 2014). The Tenth Circuit has previously noted that "[a]lthough Congress clearly envisioned § 1983 to serve as a remedy for wrongful killings that resulted from the proscribed conduct, the statute itself does not provide a mechanism to implement such a remedy." *Berry v. City of Muskogee, Okla.*, 900 F.2d 1489, 1502 (10th Cir. 1990). Furthermore, although 42 U.S.C. § 1988 "authorizes federal courts to undertake a three-step process to determine whether to borrow law from another source to aid their enforcement of federal civil rights statutes," the Tenth Circuit specifically considered the Oklahoma wrongful death statute under that rubric and concluded that "supplementing a state survival action with a state wrongful death action does *not* satisfy the criteria of [42 U.S.C.] § 1988 for borrowing state law." *Id.*, 900 F.2d at 1502, 1506 (weighing concerns including that the act permits "recovery of the loss of consortium and grief of the surviving spouse, children and parents, which [decedent] could not have recovered had he lived."). Continuing, the Court stated, "[t]he laws are not suitable to carry out the full effects intended for § 1983 cases ending in death of the victim; they are deficient in some respects to punish the offenses." *Id*. Indeed, "[t]he remedy should be a survival action, brought by the estate of the deceased victim, in accord with

§ 1983's express statement that the liability is 'to the party injured.'" *Id.*, at 1506-1507 (*quoting* 42 U.S.C. § 1983). *Berry* thus at minimum bars pursuit of an Oklahoma survival or wrongful death cause of action through § 1983 by holding that Oklahoma's wrongful death statute should not be borrowed. *See Wilson v. City of Lafayette*, 510 Fed. Appx. 775, 780-781 (10th Cir. 2013) ("The dissent takes up the issue and suggests that [*Berry*] bars pursuit of *any* state survival or wrongful death cause of action through § 1983. But as Ms. Wilson argues, one could read *Berry* very differently, as holding merely that *Oklahoma's* survival and wrongful death statutes shouldn't be borrowed.") (emphasis in original) (*citing Berry,* 900 F.2d at 1504, 1506). Accordingly, the Plaintiff may not recover damages under § 1983 by borrowing from Oklahoma's wrongful death statute, if she has even properly alleged such in her Second Amended Complaint.

The Tenth Circuit further clarified that "state wrongful death actions are not foreclosed by this approach; they remain as pendant state claims." *Berry*, 900 F.2d at 1507. However, under the terms of the GTCA, a political subdivision such as MCS "shall not be liable if a loss or claim results from . . . [p]rovision, equipping, operation or maintenance of any prison, jail or correctional facility, or injuries resulting from parole or escape of a prisoner or injuries by a prisoner to any other prisoner[.]" 51 Okla. Stat. § 155(25). This "exemption from tort liability as provided in Section 155(2[5])[2] is all inclusive for tort claims." *Gibson v. Copeland,* 2000 OK CIV APP 112, ¶ 16, 13 P.3d 989, 992 (*citing Medina v. State,* 1993 OK 121, ¶¶ 6-11, 871 P.2d 1379, 1392-1394). *See also*

---

[2] The statute has been amended and renumbered over the years, but the provision remains the same.

51 Okla. Stat. § 152(14) ("'Tort' means a legal wrong, independent of contract, involving violation of a duty imposed by general law, statute, the Constitution of the State of Oklahoma, or otherwise, resulting in a loss to any person, association or corporation as the proximate result of an act or omission of a political subdivision or the state or an employee acting within the scope of employment[.]"). Plaintiff has not challenged that this immunity applies to all tort claims as to MCS, instead relying on her arguments as to § 1983 to challenge immunity. Accordingly, Plaintiff's state law claim for wrongful death as to MCS should be dismissed.

As a final note, the undersigned Magistrate Judge finds that Plaintiff should not be permitted to amend her Complaint a fourth time. Plaintiff has had two opportunities to amend already and MCS placed Plaintiff on notice of the immunity issue in its previous Motion to Dismiss. As such, the undersigned Magistrate Judge finds that Plaintiff has no good cause warranting leave to amend her Complaint a fourth time. *See, e.g.*, *Ochieno v. Sandia National Laboratories*, 2019 WL 161503, at *4 (D. N.M. Jan. 10, 2019) (Denying leave to amend where "[p]laintiff seeks to make the complaint 'a moving target' in an effort to save his case from dismissal.") (*citing Viernow v. Euripides Dev. Corp.*, 157 F.3d 785, 800 (10th Cir. 1998)).

## CONCLUSION

Accordingly, the undersigned Magistrate Judge hereby recommends that Defendant Muskogee County Sheriff's Partial Motion to Dismiss Plaintiff's Corrected Second Amended Complaint and Brief in Support [Docket No. 26] be GRANTED and Plaintiff's state law claim for wrongful death be dismissed as to the Muskogee County Sheriff in his

official capacity. Additionally, the undersigned Magistrate Judge recommends that Defendants Board of County Commissioners and Muskogee County Sheriff's Office's Motion to Dismiss Plaintiff's First Amended Complaint and Brief in Support [Docket No. 16] be DENIED AS MOOT. Any objections to this Report and Recommendation must be filed within fourteen days. *See* 18 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

    DATED this 30th day of November, 2022.

_____
**GERALD L. JACKSON**
**UNITED STATES MAGISTRATE JUDGE**