*Sanchez v. Muskogee County Sheriff*
**Case No. 21-CV-306-JFH-GLJ**

**Hearing on Defendant Muskogee County Sheriff's
Motion to Quash Deposition**

**<u>Plaintiff's Exhibit No. 2</u>
Excerpts from Discovery Responses
(Muskogee County Sheriff & Karolina Boulet)**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| (1)  LORENA SANCHEZ<br>as SPECIAL ADMINISTRATOR<br>to BO MICHAEL GUTHRIE,<br>deceased,<br><br>Plaintiff,<br><br>v.<br><br>(1)  MUSKOGEE COUNTY SHERIFF,<br>In his official capacity,<br>(2)  KAROLINA BOULET, individually and<br>in her official capacity as Muskogee<br>County Jail Administrator;<br>(3)  LACY ROSSON; individually and in her<br>official capacity as Muskogee County<br>Jail Assistant Administrator; and<br>(4)  CHIEF DEPUTY MICHAEL MAHAN;<br>(5)  DEPUTY BRIAN REYES;<br>(6)  GARRETT BOYD;<br>(7)  LISA HOPE;<br>(8)  JOSEPH COLE;<br>(9)  EMMY CAPPS;<br>(10) AUTUMN OWENS-SQUIRREL;<br>(11) SAMANTHA WEISENFELS; and<br>(12) KELSEY HALL, in their official and<br>individual capacities,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 21-cv-306-JFH-GLJ |

**DEFENDANT ANDY SIMMONS IN HIS OFFICIAL CAPACITY AS
MUSKOGEE COUNTY SHERIFF'S RESPONSES TO PLAINTIFF'S
FIRST SET OF INTERROGATORIES**

Defendant Andy Simmons in his official capacity as Muskogee County Sheriff

("Defendant") submits the following responses to Plaintiff's First Set of Interrogatories.

**GENERAL OBJECTIONS**

Defendant objects to each Interrogatory to the extent it calls for the disclosure of

information which is protected from discovery and/or privileged on any ground, including but not

information was acquired) and the mental impressions and opinions to which you expect the consultant to testify at the time of trial and a summary of the grounds for each opinion.

**RESPONSE:** Objection, this Interrogatory seeks information that is subject to the attorney client privilege, the work product doctrine, and Fed. R. Civ. P. 26(b)(4)(D). Without waiving and subject to these objections, Defendant has not hired a consulting expert.

**INTERROGATORY NO. 9:** Identify any and all documents that refute any of the allegations contained in Plaintiff's Second Amended Complaint, and/or which support any of Defendants' defenses thereto.

**RESPONSE:** Defendant objects to this Interrogatory to the extent it requests any documents protected as attorney-client privilege or work product. Defendant further objects to the extent this Interrogatory seeks a factual conclusion, which is a matter for a jury to decide. Subject to and without waiving these objections, see documents produced contemporaneously with these responses.

**INTERROGATORY NO. 10:** Identify and describe in detail all police training and/or continuing training (if any) that, at any time prior to January 13, 2020 that Muskogee and/or the Muskogee County Sheriff's Department employee required its employees (including, without limitation, all full- and part-time employees, reserve deputies, and volunteer personnel) to undergo, including, without limitation, any and all training you required regarding the following:

(a)     Comprehensive Law Enforcement Education and Training (CLEET);

(b)     the proper care, supervision, and medical treatment of inmates, particularly those who have suffered injuries or exhibited signs of distress;

(c)     monitoring the vital signs of a suspect, detainees, arrestee, or inmates;

(d)     incident reporting (including report writing);

13

(e)     mental health awareness and crisis intervention;

(f)     first aid and basic medical response; and

(g)     Any other relevant training. If there are additional training topics that are pertinent to the care, supervision, and treatment of inmates, detainees, or arrestees, please provide a description of those as well.

**RESPONSE:**   Defendant objects to this Interrogatory because it is overbroad, unreasonably burdensome, is not relevant to any claim or defense, and is not proportional to the needs of the case. The request for "police training" and for "Muskogee and/or Muskogee County Sheriff's Office employees (including, without limitation, all full- and part-time employees, reserve deputies, and volunteer personnel)" is overly broad, unduly burdensome, not relevant to any claim or defense, and not proportional to the needs of the case, as not every employee or deputy with the Muskogee County Sheriff's Office would be responsible for inmate supervision or inmate medical care; this Interrogatory would include employees that do not come into contact with inmates.

Furthermore, this Interrogatory requests a broad range of information, not all of it relevant because of the overbreadth of this Interrogatory; for example, all training regarding CLEET would include a multitude of training records, many of them not relevant to Plaintiff's claims or to any defense applicable in the present case. Additionally, this Interrogatory is vague and confusing as it concerns the phrase "crisis intervention" and "basic medical response". Subject to without waiving these objections, and in addition to the Oklahoma Jail Standards, see response to Request for Production No. 19.

**INTERROGATORY NO. 11:**   Identify each and every Muskogee law enforcement officer or Muskogee County Sheriff's Department employee (including, without limitation, all

14

full- and part-time employees, reserve deputies, and volunteer personnel) who belatedly met or failed in any way to complete or comply with your training requirements and/or to whom you did not provide training in one or more of the areas enumerated in ¶¶ (a)-(g) of Interrogatory No. 10, *supra*.  In identifying each such individual, please specify the precise area(s) in which his or her training was deficient.

**RESPONSE:**  Objection, this Interrogatory is unreasonably burdensome, overbroad, not reasonably calculated to lead to the discovery of admissible evidence, and not proportional to the needs of the case. This Interrogatory is not limited in scope as it concerns time and encompasses employees that do not come into contact with inmates. Subject to and without waiving these objection, and pursuant to Fed. R. Civ. P. 33(d), see jailer training logs, employee files, training records, and MCSO Policies and Procedures produced in response to Request for Production Nos. 12, 17, and 19.

**INTERROGATORY NO. 12:**   Identify with specificity [by document and/or Bates numbers, where applicable] all policies, handbooks, guidelines, rules, and/or other written directives that Muskogee and/or the Muskogee County Sheriff's Department had in effect at the time of the January 2020 incident described in Plaintiffs' *Petition* regarding each of the areas enumerated in ¶¶ (a)-(g) of Interrogatory No. 10, *supra*.

**RESPONSE:**   Objection. Defendant objects to this Interrogatory as overly broad and unduly burdensome. Defendant further objects to this Interrogatory as the terms "regarding", "guidelines" and "written directives" are vague. Subject to and without waiving these objections, and pursuant to Fed. R. Civ. P. 33(d), see Policies and Procedures and training materials produced in response to Request for Production Nos. 17 and 19.

## **VERIFICATION**

STATE OF OKLAHOMA      )
                            )    ss:
COUNTY OF MUSKOGEE     )

     I, Andy Simmons, of lawful age, being first duly sworn upon oath, state that I have read the above and foregoing *Defendant Andy Simmons in his Official Capacity as Muskogee County Sheriff's Responses to Plaintiff's First Set of Interrogatories*, that I am familiar with the matters set forth therein, and that said answers are true to the best of my information and belief.

_____

Andy Simmons

     Subscribed and sworn to before me this 2 day of October, 2023.



                                 _____
                                 Notary Public
                                 Commission No. 20005463

My Commission Expires:

05/14/2024

[SEAL]

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

|  |  |  |  |
|---|---|---|---|
| (1) | LORENA SANCHEZ as SPECIAL ADMINISTRATOR to BO MICHAEL GUTHRIE, deceased, | ) ) ) ) ) | |
| | Plaintiff, | ) ) ) | |
| v. | | ) ) | Case No. 21-cv-306-JFH-GLJ |
| (1) | MUSKOGEE COUNTY SHERIFF, In his official capacity, | ) ) | |
| (2) | KAROLINA BOULET, individually and in her official capacity as Muskogee County Jail Administrator; | ) ) ) | |
| (3) | LACY ROSSON; individually and in her official capacity as Muskogee County Jail Assistant Administrator; and | ) ) ) | |
| (4) | CHIEF DEPUTY MICHAEL MAHAN; | ) | |
| (5) | DEPUTY BRIAN REYES; | ) | |
| (6) | GARRETT BOYD; | ) | |
| (7) | LISA HOPE; | ) | |
| (8) | JOSEPH COLE; | ) | |
| (9) | EMMY CAPPS; | ) | |
| (10) | AUTUMN OWENS-SQUIRREL; | ) | |
| (11) | SAMANTHA WEISENFELS; and | ) | |
| (12) | KELSEY HALL, in their official and individual capacities, | ) ) | |
| | Defendants. | ) ) | |

**DEFENDANT ANDY SIMMONS IN HIS OFFICIAL CAPACITY AS
MUSKOGEE COUNTY SHERIFF'S RESPONSE TO PLAINTIFF'S
<u>FIRST REQUEST FOR PRODUCTION</u>**

Defendant Andy Simmons in his official capacity as Muskogee County Sheriff

("Defendant") submits the following responses to Plaintiff's First Set of Request for Production.

<u>**GENERAL OBJECTIONS**</u>

Defendant objects to each of Plaintiff's discovery requests to the extent that same call for

the disclosure of information or production of documents or things which are protected from

enforcement officer or Muskogee County Sheriff's Department employee (including, without limitation, all full- and part-time employees, reserve deputies, and volunteer personnel) during the performance of his or her job duties and/or while carrying out or engaged in, or otherwise incidental to, any law enforcement function.

**RESPONSE:**   Objection, this request is overly broad, unduly burdensome, and not proportional to the needs of the case. This request is not appropriately limited in time. Without waiving and subject to these objections, Defendant has no such documents.

**REQUEST FOR PRODUCTION NO. 12:**   Produce the complete personnel file (including training and disciplinary records) and any internal affairs files for each and every Muskogee law enforcement officer or Muskogee County Sheriff's Department employee identified by you in your response to ¶ (a) of Interrogatory No. 4, *supra.*

**RESPONSE:**   Objection, this request is overly broad, unduly burdensome, and not proportional to the needs of the case. This Request for Production is over broad in both scope and time. It requests the complete personnel file, training files, and disciplinary records for every employee accused of medical negligence, inappropriate supervision of inmates, or any other incidents involving inmate welfare for a period of almost fourteen years. Subject to and without waiving this objection, and for employees who had contact with the decedent on January 3, 2020, see documents produced at DDR 12 001-602.

**REQUEST FOR PRODUCTION NO. 13:**  Produce records of the inmate population at Muskogee County Jail for the month of January 2020, including the total number of inmates, capacity, and any documented instances of overcrowding.

**RESPONSE:** Objection, this request is overly broad, unduly burdensome, and requests the production of documents not relevant to any claim or defense. Subject to and without waiving this

Furthermore, this request includes events not occurring in the Jail, as it includes excessive force used against individuals not incarcerated in the Jail and therefore would not involve the same policies or procedures at issue in this case. The term "mistreatment" is also vague, confusing, and misleading, as it is unclear if this term refers to only excessive force or has a broader meaning. Furthermore, these records are equally available to Plaintiff through either court records or the Department of Health's Jail Inspection Division. Without waiving and subject to these objections, and for the period of five (5) years prior to the incident at issue, see response to Interrogatory No. 4 and documents produced at DDR 15 001-134 and documents produced as DDR 8, 001-117.

**REQUEST FOR PRODUCTION NO. 16:**  Produce a copy of each and every document received from and/or subpoenaed by you in this case from any co-defendant, third party, or non-party.

**RESPONSE:**  See documents produced at DDR 16, 001-13722.

**REQUEST FOR PRODUCTION NO. 17:**  Produce each and every document (including, without limitation, all manuals, handbooks, memoranda, training materials, and communications) setting forth, in whole or in part, the policies and procedures of the Muskogee County Sheriff's Department that were in effect at the time of Decedent's death in January 2020 including those involving the safety and proper care of inmates on suicide watch.

**RESPONSE:**  See Response to Request for Production No. 19.

**REQUEST FOR PRODUCTION NO. 18:**  Produce all correspondence between you and any and all witnesses materially relating to Plaintiffs' claims and/or Defendants' defenses in the above-captioned action.

**RESPONSE:**  Objection, this request is overly broad and vague, as the term "relating to" is an omnibus term coupled with a broad range of information, making this request overbroad on

its face. *See Moses v. Halstead*, 236 F.R.D. 667, 672 (D. Kan. 2006); *see also Hiskett v. Wal-Mart Stores, Inc.,* 180 F.R.D. 403, 404-05 (D. Kan. 1998). Moreover, this request is objectionable to the extent it concerns materials protected by attorney-client privilege, the work product doctrine, and Fed. R. Civ. P. 26(b)(4)(B)-(D). Without waiving and subject to these objections, Defendant has no documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 19:**   Produce all policies, guidelines, curricula, and training materials provided to Muskogee law enforcement officers and/or Muskogee County Sheriff's Department employees (including, without limitation, all full- and part-time employees, reserve deputies, and volunteer personnel) since January 1, 2010, and/or that were in effect as of January 13, 2020, regarding:

(a)   the proper care, supervision, and medical treatment of inmates, particularly those who have suffered injuries or exhibited signs of distress or are on suicide watch;

(b)   monitoring the vital signs of a suspect, detainees, arrestee, or inmates;

(c)   incident reporting (including report writing);

(d)   mental health awareness and crisis intervention;

(e)   first aid and basic medical response of inmates, detainees, or arrestees, please provide a description of those as well; and

(f)   CPR and attending to the medical needs of a suspect, detainee, arrestee, or prisoner.

**RESPONSE:**   Objection, this request is overbroad, unreasonably burdensome, is not relevant to any claim or defense, and is not proportional to the needs of the case. This request is not reasonably limited in time period or scope, as it would include six categories of documents not in effect at the time of Decedent's death. The request is compound, as it seeks documents based

11

on six categories of information. Several of these categories are also vaguely defined, misleading, and confusing; it is unclear what "crisis intervention" means in the context of this request. Moreover, it is unclear what the term "basic medical response" means and whether the meaning of that term is synonymous with or differs from "first aid." Furthermore, this request is objectionable to the extent it is vague, confusing, or misleading for implying that every employee or deputy with the Muskogee County Sheriff's Office would be responsible for inmate supervision or inmate medical care. Without waiving and subject to these objections, and for five (5) years prior to the incident at issue, see enclosed documents identified as DDR 19, 001-615.

**REQUEST FOR PRODUCTION NO. 20:** Produce any and all affidavits and witness statements that have been received, created, and/or obtained by you, on your behalf, or at your direction which materially relate to Plaintiffs' claims and/or Defendants' defenses in the above-captioned action.

**RESPONSE:** Objection, this request is overly broad and vague, as the term "relate to" is an omnibus term coupled with a broad range of information, making this request overbroad on its face. *See Moses v. Halstead*, 236 F.R.D. 667, 672 (D. Kan. 2006); *see also Hiskett v. Wal-Mart Stores, Inc.*, 180 F.R.D. 403, 404-05 (D. Kan. 1998). Moreover, this request is objectionable as it seeks materials protected by attorney-client privilege, the work product doctrine and Fed. R. Civ. P. 26(b)(4)(B)-(D). Subject to and without waiving these objections, see Response to Request for Production No. 5, and others, for records which may be responsive to this request.

**REQUEST FOR PRODUCTION NO. 21:** Produce the booking sheet for each and every individual identified by you in your response to ¶ (b) of Interrogatory No. 4, *supra*, along with any report, statement, and/or arrest records generated in connection with any incident referenced by you in your response to ¶ (d) of Interrogatory No. 4.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| (1) LORENA SANCHEZ<br>as SPECIAL ADMINISTRATOR<br>to BO MICHAEL GUTHRIE,<br>deceased,<br><br>Plaintiff,<br><br>v.<br><br>(1) MUSKOGEE COUNTY SHERIFF,<br>In his official capacity,<br>(2) KAROLINA BOULET, individually and<br>in her official capacity as Muskogee<br>County Jail Administrator;<br>(3) LACY ROSSON; individually and in her<br>official capacity as Muskogee County<br>Jail Assistant Administrator; and<br>(4) CHIEF DEPUTY MICHAEL MAHAN;<br>(5)  DEPUTY BRIAN REYES;<br>(6)  GARRETT BOYD;<br>(7)  LISA HOPE;<br>(8)  JOSEPH COLE;<br>(9)  EMMY CAPPS;<br>(10) AUTUMN OWENS-SQUIRREL;<br>(11) SAMANTHA WEISENFELS; and<br>(12) KELSEY HALL, in their official and<br>individual capacities,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 21-cv-306-JFH-GLJ |

**DEFENDANT KAROLINA BOULET INDIVIDUALLY
AND IN HER OFFICIAL CAPACITY'S RESPONSE TO PLAINTIFF'S
<u>FIRST SET OF INTERROGATORIES</u>**

Defendant Karolina Boulet individually and in her official capacity ("Defendant") submits the following responses to Plaintiff's First Set of Interrogatories.

<u>**GENERAL OBJECTIONS**</u>

Defendant objects to each Interrogatory to the extent it calls for the disclosure of information which is protected from discovery and/or privileged on any ground, including but not

**INTERROGATORY NO. 9:**  Identify any and all documents that refute any of the allegations contained in Plaintiff's Second Amended Complaint, and/or which support any of Defendants' defenses thereto.

**RESPONSE:**  Defendant objects to this Interrogatory to the extent it requests any documents protected as attorney-client privilege or work product. Defendant further objects to the extent this Interrogatory seeks a factual conclusion, which is a matter for a jury to decide. Subject to and without waiving these objections, see documents produced with the Sheriff's discovery responses.

**INTERROGATORY NO. 10:**  Identify and describe in detail all police training and/or continuing training (if any) that, at any time prior to January 13, 2020 that Muskogee and/or the Muskogee County Sheriff's Department employee required its employees (including, without limitation, all full- and part-time employees, reserve deputies, and volunteer personnel) to undergo, including, without limitation, any and all training you required regarding the following:

(a)     Comprehensive Law Enforcement Education and Training (CLEET);

(b)     the proper care, supervision, and medical treatment of inmates, particularly those who have suffered injuries or exhibited signs of distress;

(c)     monitoring the vital signs of a suspect, detainees, arrestee, or inmates;

(d)     incident reporting (including report writing);

(e)     mental health awareness and crisis intervention;

(f)     first aid and basic medical response; and

(g)     Any other relevant training. If there are additional training topics that are pertinent to the care, supervision, and treatment of inmates, detainees, or arrestees, please provide a description of those as well.

9

**RESPONSE:**   Defendant objects to this Interrogatory because it is overbroad, unreasonably burdensome, is not relevant to any claim or defense, and is not proportional to the needs of the case. The request for "police training" and for "Muskogee and/or Muskogee County Sheriff's Office employees (including, without limitation, all full- and part-time employees, reserve deputies, and volunteer personnel)" is overly broad, unduly burdensome, not relevant to any claim or defense, and not proportional to the needs of the case, as not every employee or deputy with the Muskogee County Sheriff's Office would be responsible for inmate supervision or inmate medical care; this Interrogatory would include employees that do not come into contact with inmates.

Furthermore, this Interrogatory requests a broad range of information, not all of it relevant because of the overbreadth of this Interrogatory; for example, all training regarding CLEET would include a multitude of training records, many of them not relevant to Plaintiff's claims or to any defense applicable in the present case. Additionally, this Interrogatory is vague and confusing as it concerns the phrase "crisis intervention" and "basic medical response". Subject to without waiving these objections, Defendant received training throughout her time at Muskogee County Detention Center including on the policies and procedures of the Sheriff's Office and Detention Center, supervision of inmates, incident reporting, report writing, mental health awareness and crisis intervention, first aid and basic medical responses. Defendant does not maintain copies of her training records and this Interrogatory is more appropriately directed to the Muskogee County Sheriff.

**INTERROGATORY NO. 11:**   Identify each and every Muskogee law enforcement officer or Muskogee County Sheriff's Department employee (including, without limitation, all full- and part-time employees, reserve deputies, and volunteer personnel) who belatedly met or

10

failed in any way to complete or comply with your training requirements and/or to whom you did not provide training in one or more of the areas enumerated in ¶¶ (a)-(g) of Interrogatory No. 10, *supra*. In identifying each such individual, please specify the precise area(s) in which his or her training was deficient.

**RESPONSE:** Objection, this Interrogatory is unreasonably burdensome, overbroad, not reasonably calculated to lead to the discovery of admissible evidence, and not proportional to the needs of the case. Defendant further objects to this Interrogatory as vague and confusing as it concerns the term "training requirements." This Interrogatory is not limited in scope as it concerns time and encompasses employees that do not come into contact with inmates. Subject to and without waiving these objections, Defendant is an individual and does not have "training requirements."

**INTERROGATORY NO. 12:** Identify with specificity [by document and/or Bates numbers, where applicable] all policies, handbooks, guidelines, rules, and/or other written directives that Muskogee and/or the Muskogee County Sheriff's Department had in effect at the time of the January 2020 incident described in Plaintiffs' *Petition* regarding each of the areas enumerated in ¶¶ (a)-(g) of Interrogatory No. 10, *supra*.

**RESPONSE:** Objection. Defendant objects to this Interrogatory as overly broad and unduly burdensome. Defendant further objects to this Interrogatory as the terms "regarding", "guidelines" and "written directives" are vague. Subject to and without waiving these objections, Defendant does not maintain a copy of the policies, handbooks, guidelines, rules, and/or other written directives that the Muskogee County Sheriff's Office or Detention Center had in effect in January 2020.

11

evidence. Defendant further objects to the extent this Interrogatory requests information not readily ascertainable to Defendant. Subject to and without waiving these objections medical care, treatment, and evaluations at the Muskogee County Detention Center of the decedent were performed by a licensed Advanced Practice Registered Nurses (APRN) and licensed practical nurses (LPNs).

**INTERROGATORY NO. 20:** Describe the procedures, policies and training in place regarding the reporting and addressing of incidents involving inmate-on-inmate violence or assault within Muskogee County Jail.

**RESPONSE:** Objection, this Interrogatory is overbroad, unduly burdensome, not proportional to the needs of the case, and not relevant to any claim or defense. This Interrogatory is without limitation as to time and its scope encompasses a myriad of various instances and circumstances where inmate on inmate violence may occur. This Interrogatory is also vague and confusing as it regards the terms "reporting" and "addressing". Subject to and without waiving these objections, in general, reports of inmate on inmate violence are relayed via radio to all jail detention staff who respond immediately as appropriate to ensure inmate and officer safety.

**INTERROGATORY NO. 21:** Explain the decision-making process and rationale for placing Bo Michael Guthrie back in a cell with Derek Martin Perez after his discharge from St. Francis Hospital, considering the previous assault.

**RESPONSE:** Objection, this Interrogatory is confusing and nonsensical, as it assumes facts not in evidence. Without waiving and subject to this objection, Bo Michael Guthrie was not placed back in a cell with Derek Martin Perez after his discharge from St. Francis Hospital.

concerns the phrases "communication channels and procedures in place for correctional staff to interact with medical staff" and "signs of distress or a medical issue". Subject to and without waiving this objection, detention staff in the Muskogee County Detention Center can interact with medical staff by speaking with them in person or contacting them via radio. Detention staff are expected to notify medical staff of any signs of distress or medical problems. Medical staff, in general, respond immediately to requests for assistance from detention staff as it regards emergent inmate health needs.

**INTERROGATORY NO. 23:** Describe in detail the protocols and procedures in place for involving external medical facilities or professionals when an inmate's health deteriorates to a point beyond what can be effectively managed within the internal resources of Muskogee County Jail. Your response should include, but is not to be limited to, the following:

    (a)    a comprehensive explanation of the criteria used to determine when an inmate's health condition reaches a level that necessitates external medical assistance;

    (b)    a description of the step-by-step process that is followed once it is determined that an inmate's health deterioration requires the involvement of external medical facilities or professionals;

    (c)    identify the individuals or positions responsible for initiating and authorizing the involvement of external medical resources in such cases;

    (d)    explain the communication channels and procedures established for coordinating with external medical facilities or professionals, including contact methods, information shared, and response timelines;

    (e)    provide details about any agreements, contracts, or arrangements that have been established with external medical facilities or professionals for emergency

situations involving inmates' deteriorating health;

(f)     describe how the decision-making process unfolds if there is a disagreement among internal staff about involving external medical assistance, including the roles of different personnel in resolving such disputes;

(g)     explain how the continuity of care is maintained between the internal medical staff and external medical facilities or professionals once the transfer of care takes place;

(h)     detail any training, guidelines, or manuals provided to correctional staff and medical personnel regarding the procedures outlined above; and

(a)     specify any record-keeping or documentation requirements related to the involvement of external medical facilities or professionals in cases of inmate health deterioration, including incident reports, communication logs, and medical records.

**RESPONSE:**  Objection, this Interrogatory is unreasonably burdensome, overbroad, and not proportional to the needs of the case. Further, this Interrogatory is vague, confusing, and not limited in scope as it concerns the myriad of circumstances and instances in which an "inmate's health condition" may necessitate transporting him to "external medical facilities or professionals". Subject to and without waiving these objections, determinations to transport inmates to external medical facilities are made by the trained medical professionals at the Muskogee County Detention Center based on appropriate health and treatment criteria. In general, communication with external medical facilities and detention center medical staff regarding an inmate's course of treatment and care takes place via telephone when necessary. Documentation of an inmate's fitness for incarceration, as determined by external medical personnel as well as discharge instructions were maintained in the inmate's jail file.

18

## **VERIFICATION**

STATE OF OKLAHOMA        )
                                             )        ss:
COUNTY OF _Oklahoma_      )

    I, Karolina Boulet, of lawful age, being first duly sworn upon oath, state that I have read the above and foregoing *Defendant Karolina Boulet Individually and in her Official Capacity's Response to Plaintiff's First Set of Interrogatories*, that I am familiar with the matters set forth therein, and that said answers are true to the best of my information and belief.

                                        _____
                                        Karolina Boulet

    Subscribed and sworn to before me this 2nd day of October, 2023.

                                          _____
                                        Notary Public
                                        Commission No. 21003989

My Commission Expires:

_3/23/25_

[SEAL]

DENA L. HERRING
NOTARY
# 21003989
EXP. 03/23/25
PUBLIC
STATE OF OKLAHOMA

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| (1)  LORENA SANCHEZ<br>     as SPECIAL ADMINISTRATOR<br>     to BO MICHAEL GUTHRIE,<br>     deceased,<br><br>             Plaintiff,<br><br>v.<br><br>(1)  MUSKOGEE COUNTY SHERIFF,<br>     In his official capacity,<br>(2)  KAROLINA BOULET, individually and<br>     in her official capacity as Muskogee<br>     County Jail Administrator;<br>(3)  LACY ROSSON; individually and in her<br>     official capacity as Muskogee County<br>     Jail Assistant Administrator; and<br>(4)  CHIEF DEPUTY MICHAEL MAHAN;<br>(5)  DEPUTY BRIAN REYES;<br>(6)  GARRETT BOYD;<br>(7)  LISA HOPE;<br>(8)  JOSEPH COLE;<br>(9)  EMMY CAPPS;<br>(10) AUTUMN OWENS-SQUIRREL;<br>(11) SAMANTHA WEISENFELS; and<br>(12) KELSEY HALL, in their official and<br>     individual capacities,<br><br>             Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 21-cv-306-JFH-GLJ |

**DEFENDANT KAROLINA BOULET INDIVIDUALLY
AND IN HER OFFICIAL CAPACITY'S RESPONSE TO PLAINTIFF'S
FIRST REQUEST FOR PRODUCTION**

Defendant Karolina Boulet individually and in her official capacity ("Defendant") submits the following responses to Plaintiff's First Request for Production.

**GENERAL OBJECTIONS**

Defendant objects to each of Plaintiff's discovery requests to the extent that same call for the disclosure of information or production of documents or things which are protected from

discovery of admissible evidence. This request is confusing, misleading, and vague, as it requests records from the past ten years (2013), but also requires that any party named must have been an employee since January 2010. This request is also vague as it concerns the phrase "relating to". Furthermore, this request includes events not occurring in the Jail, as it includes excessive force used against individuals not incarcerated in the Jail and therefore would not involve the same policies or procedures at issue in this case. The term "mistreatment" is also vague, confusing, and misleading, as it is unclear if this term refers to only excessive force or has a broader meaning. Furthermore, these records are equally available to Plaintiff through either court records or the Department of Health's Jail Inspection Division. Without waiving and subject to these objections, defendant has no documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 16:**  Produce a copy of each and every document received from and/or subpoenaed by you in this case from any co-defendant, third party, or non-party.

**RESPONSE:**  See Sheriff Andy Simmons' Response to Request for Production No. 16 of Plaintiff's First Set of Requests for Production.

**REQUEST FOR PRODUCTION NO. 17:**  Produce each and every document (including, without limitation, all manuals, handbooks, memoranda, training materials, and communications) setting forth, in whole or in part, the policies and procedures of the Muskogee County Sheriff's Department that were in effect at the time of Decedent's death in January 2020 including those involving the safety and proper care of inmates on suicide watch.

**RESPONSE:**  Defendant objects to this Request for Production as overly broad and unduly burdensome. Subject to and without waiving these objections, defendant has no documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 18:**  Produce all correspondence between you and any and all witnesses materially relating to Plaintiffs' claims and/or Defendants' defenses in the above-captioned action.

**RESPONSE:**  Objection, this request is overly broad and vague, as the term "relating to" is an omnibus term coupled with a broad range of information, making this request overbroad on its face. *See Moses v. Halstead*, 236 F.R.D. 667, 672 (D. Kan. 2006); *see also Hiskett v. Wal-Mart Stores, Inc.,* 180 F.R.D. 403, 404-05 (D. Kan. 1998). Moreover, this request is objectionable to the extent it concerns materials protected by attorney-client privilege, the work product doctrine, and Fed. R. Civ. P. 26(b)(4)(B)-(D). Without waiving and subject to these objections, Defendant has no documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 19:**  Produce all policies, guidelines, curricula, and training materials provided to Muskogee law enforcement officers and/or Muskogee County Sheriff's Department employees (including, without limitation, all full- and part-time employees, reserve deputies, and volunteer personnel) since January 1, 2010, and/or that were in effect as of January 13, 2020, regarding:

(a)    the proper care, supervision, and medical treatment of inmates, particularly those who have suffered injuries or exhibited signs of distress or are on suicide watch;

(b)    monitoring the vital signs of a suspect, detainees, arrestee, or inmates;

(c)    incident reporting (including report writing);

(d)    mental health awareness and crisis intervention;

(e)    first aid and basic medical response of inmates, detainees, or arrestees, please provide a description of those as well; and

(f)    CPR and attending to the medical needs of a suspect, detainee, arrestee, or prisoner.

**RESPONSE:**   Objection, this request is overbroad, unreasonably burdensome, is not relevant to any claim or defense, and is not proportional to the needs of the case. This request is not reasonably limited in time period or scope, as it would include six categories of documents not in effect at the time of Decedent's death. The request is compound, as it seeks documents based on six categories of information. Several of these categories are also vaguely defined, misleading, and confusing; it is unclear what "crisis intervention" means in the context of this request. Moreover, it is unclear what the term "basic medical response" means and whether the meaning of that term is synonymous with or differs from "first aid." Furthermore, this request is objectionable to the extent it is vague, confusing, or misleading for implying that every employee or deputy with the Muskogee County Sheriff's Office would be responsible for inmate supervision or inmate medical care. Without waiving and subject to these objections, defendant has no documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 20:**   Produce any and all affidavits and witness statements that have been received, created, and/or obtained by you, on your behalf, or at your direction which materially relate to Plaintiffs' claims and/or Defendants' defenses in the above-captioned action.

**RESPONSE:**   Objection, this request is overly broad and vague, as the term "relate to" is an omnibus term coupled with a broad range of information, making this request overbroad on its face. *See Moses v. Halstead*, 236 F.R.D. 667, 672 (D. Kan. 2006); *see also Hiskett v. Wal-Mart Stores, Inc.*, 180 F.R.D. 403, 404-05 (D. Kan. 1998). Moreover, this request is objectionable as it seeks materials protected by attorney-client privilege, the work product doctrine and Fed. R. Civ.